IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHEMONT INTERNATIONAL SA, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," <br><br> Defendants. | Case No. 25-cv-00843 <br><br> Judge Jorge Thomas M. Durkin <br> Magistrate Judge Jeannice W. Appenteng |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff, Richemont International S.A. ("Plaintiff"), filed a Motion for Entry of a Preliminary Injunction against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in **Exhibit 1** to the Motion and attached hereto (collectively, "Defendants") and using at least the domain names identified in **Exhibit 1** (the "Defendant Domain Names") and the online marketplace accounts identified in **Exhibit 1** (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion in part as follows.

This Court finds Plaintiff has provided notice to Defendants listed in **Exhibit 1** in accordance with the Temporary Restraining Order entered March 11, 2025 [25] (the "TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and design patent (the "Plaintiff's Intellectual Property") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Plaintiff's Intellectual Property. *See* Docket No. 21-4 to 21-9, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Plaintiff's Intellectual Property.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of trademarks and design patent because (1) Plaintiff's design patent is valid and registered with the United States Patent and Trademark Office (the "USPTO"); (2) Plaintiff's trademarks are distinctive and registered with the USPTO on the Supplemental Register; (3) Defendants are not licensed or authorized to use

any of the Plaintiff's Intellectual Property; and (4) Defendants' use of the Plaintiff's Intellectual Property is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the Plaintiff's Intellectual Property irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Plaintiff's Intellectual Property or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Intellectual Property;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Intellectual Property;

  c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's trademarks, including the Plaintiff's Intellectual Property, or any reproductions, counterfeit copies, or colorable imitations thereof.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

4. Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Alibaba Group Holding Limited, Alibaba.com, Inc.,

Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., AUS Merchant Services, Inc., and Alipay US, Inc. ("Alibaba", "AliExpress", and/or "Alipay"); Amazon.com, Inc. ("Amazon"); Walmart Inc. ("Walmart"); LianLian Global, LL Pay U.S., LLC, and LianLian Yintong Electronic Payment Co. Ltd. ("LianLian"); Payoneer Global Inc. ("Payoneer"); PayPal Holdings, Inc. ("PayPal"); and Stripe, Inc. ("Stripe") (collectively, the "Third-Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alipay, LianLian, Payoneer, PayPal,

5

        Stripe, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff's Intellectual Property.

6. Any Third-Party Providers, including Alibaba, AliExpress, Alipay, Amazon, Walmart, LianLian, PayPal, Payoneer, and Stripe, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to the said website to the e-mail provided for Defendants by third parties. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all

circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Plaintiff's Pleadings [17], Amended Schedule A [17-1] and Exhibit 1 thereto [17-2]; Renewed Motion for Entry of a Temporary Restraining Order [21] and the Brief in Support of Motion [21-1], Declaration of James E. Judge [21-2]; Declaration of Emma-Jane Tritton [21-3] and the accompanying exhibits [21-4 to 21-9]; and the TRO [25] are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10. The $9,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

*[signature: Thomas M Durkin]*

THOMAS M. DURKIN
United States District Judge

Dated: April 7, 2025

# Exhibit 1

| Doe No. | Merchant Name | Merchant ID | Merchant URL |
|---|---|---|---|
| 1 | Shishi Urbensi Trading Ltd. | urbensi | https://urbensi.en.alibaba.com |
| 3 | UILZ Jewellry Store | 1101413411 | https://www.aliexpress.com/store/1101413411 |
| 4 | Bestyle Jewelry | A1UJV4257AN6BA | https://www.amazon.com/sp?_encoding=UTF8&marketplaceID=ATVPDKIKX0DER&seller=A1UJV4257AN6BA |
| 5 | VNOX Jewelry | A24552M8Y0GEDI | https://www.amazon.com/sp?_encoding=UTF8&marketplaceID=ATVPDKIKX0DER&seller=A24552M8Y0GEDI |
| 6 | Bosvision USA | A3VMJ0W41IZ3F2 | https://www.amazon.com/sp?_encoding=UTF8&marketplaceID=ATVPDKIKX0DER&seller=A3VMJ0W41IZ3F2 |
| 7 | Dow Ming | ASYNYUIC0337F | https://www.amazon.com/sp?_encoding=UTF8&marketplaceID=ATVPDKIKX0DER&seller=ASYNYUIC0337F |
| 8 | FOCALOOK JEWELRY | 101134984 | https://www.walmart.com/reviews/seller/101134984 |
| 9 | Qian Meng Dan co., ltd | 102617042 | https://www.walmart.com/reviews/seller/102617042 |